## DARIUS WHITHEAD *vs.* JOHN S. KEYES.

An officer who has negligently permitted an escape of a debtor whom he has arrested on mesne process is not liable in an action for the escape, if he retakes the debtor upon fresh pursuit, and the debtor then forcibly rescues himself, or is forcibly rescued by others, from his custody.

In an action against an officer for an escape by a debtor whom he has arrested on mesne process, the plaintiff need not prove an entry of the original writ; and a declaration averring the commencement of an action by writ returnable to the court of common pleas, " as by the record of the same writ, in the same court remaining, more fully appears," is sustained by proof that the writ was returned by the officer to the clerk's office, and placed in the files of non-entries.

TORT against the sheriff of Middlesex county, for the default of his deputy.

The declaration averred that the plaintiff, having claims against William Stoddard, commenced an action against him by writ returnable to the court of common pleas, " as by the record of the same writ, in the same court remaining, more fully appears;" and took the requisite steps to authorize his arrest, and delivered the writ for service to Philip V. Thomas, a deputy of the defendant, and that Thomas accordingly arrested Stoddard and had him in custody, but afterwards voluntarily permitted him to escape.

At the trial in the superior court, the plaintiff, without objection. introduced, from the files of non-entries of writs in the office of the clerk of the court, the original writ in the action of

the plaintiff against Stoddard, which was never entered in court. The defendant objected that the present action could not be maintained, because the plaintiff did not enter his action against Stoddard ; but *Rockwell,* J., overruled the objection. The defendant then objected to the maintenance of the present action, on the ground of a variance between the proof and the averment of the declaration in reference to the former action, and contended that, inasmuch as the writ was not entered in court, it could not be a matter of record, or appear of record; but this objection was also overruled.

The plaintiff introduced evidence tending to show that Thomas, while having the writ against Stoddard in his possession, found him at the railroad station in Groton Junction, in Middlesex county, and took hold of him, informing him that he had a writ for his arrest in favor of the plaintiff, and that, unless it was settled, he must take him to Lowell; that Stoddard replied that he would not go, and ran a few rods in the station, when he was caught by Thomas; that the two then walked upon the platform of the station for several minutes, by the side of a train of cars, and, just as the cars started, and while they were moving, Stoddard sprang upon the train and entered one of the cars, and was instantly pursued by Thomas, who caught him by one of his wrists; that, after entering the car, they both moved as fast as they could towards the other end of it from that in which they entered, Stoddard leading the way and Thomas following; that there was much excitement among the passengers, and some children were knocked down and run over, and one man arose from his seat and stepped between the two, and held out his hand before Thomas, but the evidence did not show whether he actually took hold of him or touched him ; and there was no evidence that Stoddard yielded to Thomas, or submitted to arrest, while in the car, but it did appear that, either by his unaided exertions, or by the assistance of some person, he wrenched away his wrist, and continued his flight through and out of the car, and jumped upon the ground, followed by Thomas, while the train was running at nearly or quite full speed, and escaped. There was no evidence that Thomas at any time, either in the

railroad station or in the car, called upon any of the persons present to help him arrest or secure Stoddard.

The defendant requested the court to instruct the jury that Thomas was not bound to call for assistance in arresting Stoddard; but the court declined so to rule, and instructed them that, as Thomas had power to call for aid, he should have done so, if, in his opinion as a prudent man, there was need of it.

The defendant also requested the court to instruct the jury that he was not liable for the escape of Stoddard into the railroad car, if, on instant pursuit, Thomas retook him into custody; but the court declined so to rule, and instructed them that, if Stoddard was arrested in the station, and by the negligence of the officer got away from him into the railroad car, and, after being again taken hold of, he was, by overpowering the officer, or by the interference of others, enabled to escape, the defendant would be liable.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*J. S. Keyes & S. A. Brown,* for the defendant. 1. An officer is not bound to call for assistance to enable him to make an arrest on mesne process, or to secure a party after arrest; and, in case of a rescue after such an arrest, no action lies against the officer. And the instruction of the court, that the officer should have called for aid if, in his opinion as a prudent man, there was need of it, was erroneous. *Buckminster* v. *Applebee,* 8 N. H. 546. *Griffin* v. *Brown,* 2 Pick. 310. *Cargill* v. *Taylor,* 10 Mass. 207. Com. Dig. Escape, D. Ib. Rescous, D, 2. Bac. Ab. Escape in Civil Cases, D. Ib. Rescue, E, 1. Bouvier's Law Dict. Rescous. 2. The court should have instructed the jury that the defendant was not liable for the escape of Stoddard into the railroad car, if, on instant pursuit, the officer retook him into custody. Com. Dig. Escape, D. *Bonafous* v. *Walker,* 2 T. R. 126. *Langdon* v. *Hathaway,* 1 N. H. 367. *Pariente* v. *Plumbtree,* 2 B. & P. 35. 3. The plaintiff should have entered his action in court. He could suffer no injury until after obtaining judgment. 4. There was a material variance between the averment of the declaration and the proof.

*T. H. Sweetser & A. F. L. Norris,* for the plaintiff.  1. The ruling of the court was not that an officer is required in all cases to raise the *posse comitatus* to aid him in the service of mesne process, but only that, as the officer in this instance had the power to call in aid, he should have done so under the peculiar circumstances of this case if, in his opinion as a prudent man, there was need of it; and this instruction was correct.  *Griffin* v. *Brown,* 2 Pick. 304.   Gen. Sts. *c.* 17, § 67.   2. The evidence in the case does not show that Stoddard was actually in the officer's custody, after entering the railroad car; *Griffin* v. *Brown, ubi supra;* and, inasmuch as there was no effectual retaking of him, the refusal of the court to instruct the jury that the defendant was not liable for his escape into the car if, on instant pursuit, the officer retook him, affords no valid ground of exception, because such instruction would not have been applicable to the facts of this case.  *Barry* v. *Bennett,* 7 Met. 354.  *Commonwealth* v. *Bailey,* 11 Cush. 415.  *Culver* v. *Dwight,* 6 Gray, 444.  3. The entry of the action against Stoddard was not necessary in order to entitle the plaintiff to maintain this action.   *Rice* v. *Hosmer,* 12 Mass. 131.   *Ravenscroft* v. *Eyles,* 2 Wils. 294.   *Alexander* v. *Macauley,* 4 T. R. 611.  2 Greenl. Ev. § 589.   4. The return of the writ by Thomas to the clerk's office, among the non-entries, made it a matter of record.   *Welsh* v. *Joy,* 13 Pick. 477.   *Tubbs* v. *Tukey,* 3 Cush. 438.

METCALF, J.  We grant a new trial in this case upon a single ground, namely, because the jury were instructed that "if Stoddard was arrested in the station, and by the negligence of the officer got away from him into the railroad car, and, after being again taken hold of, he was, by overpowering the officer, or by the interference of others, enabled to escape, the defendant would be liable."  This instruction supposes it to be law, that an officer, who has negligently permitted an escape of a debtor whom he has arrested on mesne process, is liable in an action for an escape, although he retakes the debtor upon fresh pursuit, and the debtor then forcibly rescues himself, or is forcibly rescued by others, from his custody.  We are of opinion that such is not the law.

There is no room for doubt that an officer, after an escape,

30 *

may retake the escaping party upon fresh pursuit. Com. Dig. Escape, E. Sewell on Sheriffs, 441. *Brown* v. *Getchell,* 11 Mass. 14. Nor is there any room to doubt that when a party, who is arrested on mesne process, rescues himself or is rescued by others, the officer may return the rescue, and is not liable to an action for an escape. Com. Dig. Rescous, D, 4. March, 1. *May* v. *Proby,* 3 Bulst. 200. *Fermor* v. *Phillips,* Holt N. P. 538. *Cargill* v. *Taylor,* 10 Mass. 207. And we nowhere find any distinction suggested between a rescue effected after a re-caption, and a rescue from a first arrest. Nor do we perceive any reason for such distinction. Whether the instruction as to the officer's duty to call for assistance would, of itself alone, be a sufficient cause for granting a new trial, we need not now decide. *New trial granted.*